**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CARA FERNANDEZ, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 15-cv-11390 |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| SUBURBAN K, LLC, d/b/a SUBURBAN KIA, a Michigan limited liability company, ) ) ) | |
| ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Cara Fernandez ("Plaintiff") brings this Class Action Complaint against Defendant Suburban K, LLC d/b/a Suburban Kia ("Suburban Kia"), on behalf of herself and all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### I.    NATURE OF THE ACTION

1.      Suburban Kia is an automotive dealership and service center. In an effort to market products and services, Suburban Kia sent, or directed to be sent on its behalf, unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      In order to redress these injuries, Plaintiff seeks: (a) an injunction requiring Suburban Kia to cease all of its unsolicited text message activities; (b) an award of statutory

damages to the Class members under the TCPA; (c) an award of actual damages for common law conversion; and (d) costs and reasonable attorneys' fees.

## II. JURISDICTION AND VENUE

*Subject Matter Jurisdiction*

3.     This Court has subject matter jurisdiction over Count I, pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

4.     This Court has supplemental jurisdiction over Count II, pursuant to 28 U.S.C. § 1367, because Suburban Kia's conduct forms part of the same case or controversy as to Count I.

*Personal Jurisdiction*

5.     This Court has personal jurisdiction over Suburban Kia, pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. Suburban Kia, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

*Venue*

6.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this District.

## III. PARTIES

*Plaintiff*

7.     Plaintiff is an individual domiciled in Cook County, Illinois.

*Defendant*

8.      Suburban Kia is a limited liability company organized in and existing under the laws of the State of Michigan with its principal place of business located 1795 Maplelawn Drive, Troy, Michigan 48084.

## IV.      <u>FACTUAL BACKGROUND</u>

*Background on Unsolicited SMS Activity*

9.      In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10.      One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

11.      SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

12.      According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from

coupons to phishing schemes—sent directly to user's cell phones."[1] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[2]

13.     Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

14.     Due to the growing concern over unwanted SMS message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

15.     As of October 16, 2013, senders of SMS message advertisements for goods or services must obtain the recipient's prior express ***written*** consent.[3]

16.     On July 10, 2015, the Federal Communications Commission issued a Declaratory Ruling that further acknowledged the "costly" and "particularly intrusive" nature of unwanted text messages, stating that "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission."[4]

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited Aug. 4, 2015).

[2] *Id.*

[3] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2))

[4] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order*, CG Docket No. 02-278, ¶1 (FCC July 10, 2015).

***Defendant's Unsolicited SMS Message Advertisement to Plaintiff***

17.     As part of its advertising campaign, Suburban Kia sent and continues to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

18.     On November 28, 2015, at 3:03 p.m., Suburban Kia sent the following two text messages to Plaintiff's wireless phone:



19.     The "from" field of the transmissions was identified as "(248) 483-0900."

20.     Suburban Kia uses number (586) 434-0910 to send text messages.

21.     Accordingly, Suburban Kia sent the text messages.

22.     Plaintiff never gave Suburban Kia prior express written consent for it to send text messages to her wireless phone.

23.     Suburban Kia uses automated technology to send the text messages.

### V.     CLASS ALLEGATIONS

24.     Plaintiff brings this action, as set forth below, on behalf of herself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States to whom Defendant Suburban K, LLC sent a non-emergency, unsolicited text message to the individuals' wireless telephones through the use of an automatic dialing system, at any time within the four years prior to the filing of the instant action (the "Class").

Excluded from the Class are Suburban Kia and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

25.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

26.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable.   On information and belief, there are thousands of consumers who have been damaged by Suburban Kia's wrongful conduct as alleged herein.   The precise number of Class members and their

addresses is presently unknown to Plaintiff, but may be ascertained from Suburban Kia's books

and records. Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet

postings, and/or published notice.

27.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2)**

**and 23(b)(3).**  This action involves common questions of law and fact, which predominate over

any questions affecting individual Class members, including, without limitation:

a.      Whether the equipment Suburban Kia used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

b.      The manner in which Suburban Kia compiled its list of wireless telephone numbers, including Plaintiff's;

c.      Whether Suburban Kia's text messages constitute advertising or telemarketing within the meaning of the TCPA;

d.      Whether Suburban Kia's conduct constitutes a violation of the TCPA;

e.      Whether Suburban Kia converted to its own use usage of the Class members' wireless telephone plans and components of Class members' wireless phones;

f.      Whether this loss constitutes an asset of economic value;

g.      Whether Suburban Kia's appropriation was unlawful;

h.      Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

i.      Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Suburban Kia's conduct; and

j.      Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

28.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claim is

typical of the other Class members' claims because, among other things, all Class members were

comparably injured through the uniform prohibited conduct described above.

29.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**
Plaintiff is an adequate representative of the Class because her interests do not conflict with the
interests of the other Class members she seeks to represent; she has retained counsel competent
and experienced in complex commercial and class action litigation; and Plaintiff intends to
prosecute this action vigorously.   The interests of the Class members will be fairly and
adequately protected by Plaintiff and her counsel.

30.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**
Suburban Kia has acted or refused to act on grounds generally applicable to Plaintiff and the
other Class members, thereby making appropriate final injunctive relief and declaratory relief, as
described below, with respect to the Class as a whole.

31.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is
superior to any other available means for the fair and efficient adjudication of this controversy,
and no unusual difficulties are likely to be encountered in the management of this class action.
The damages or other financial detriment suffered by Plaintiff and the other Class members are
relatively small compared to the burden and expense that would be required to individually
litigate their claims against Suburban Kia, so it would be impracticable for Class members to
individually seek redress for Suburban Kia's wrongful conduct.   Even if Class members could
afford individual litigation, the court system could not.   Individualized litigation creates a
potential for inconsistent or contradictory judgments, and increases the delay and expense to all
parties and the court system.   By contrast, the class action device presents far fewer management
difficulties, and provides the benefits of single adjudication, economy of scale, and
comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of the Class)**

32.     Plaintiff incorporates by reference paragraphs 1-31 as if fully set forth herein.

33.     Suburban Kia sent unsolicited commercial text messages to the wireless telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

34.     Suburban Kia sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

35.     Suburban Kia utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

36.     By sending the unsolicited text messages to Plaintiff and the Class, Suburban Kia has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Suburban Kia's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

37.     Should the Court determine that Suburban Kia's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

**COUNT II**
**Conversion**
**(On behalf of the Class)**

38.   Plaintiff incorporates by reference paragraphs 1-31 as if fully set forth herein.

39.   By making calls to Plaintiff's and the other Class members' wireless telephones, Suburban Kia converted to its own use data usage under Plaintiff's and the other Class members' wireless telephone plans and components of Plaintiff's and the other Class members' wireless telephones.

40.   This loss of use constitutes an asset of economic value paid for by Plaintiff and the other Class members when they acquired when they purchased their wireless telephones and subscribed for wireless telephone service.

41.   Immediately, prior to the sending of the text messages, Plaintiff and the other Class members owned and had an unqualified right and immediate right to the wireless telephones and the data service under their wireless telephone plans used to receive Suburban Kia's texts.

42.   By sending texts (or directing texts to be made on its behalf) Suburban Kia appropriated to its own use the data usage and wireless telephones used to receive the texts in such a manner as to make them unusable or decrease their performance. Such appropriation was wrongful and without authorization.

43.   Suburban Kia knew or should have known that such appropriation of the data usage and phone components was wrongful and without authorization.

44.   Plaintiff and the other Class members were deprived of the data usage and performance of their wireless telephones, which could no longer be used for any other purpose.

-10-

45.     Accordingly, Plaintiffs and the other Class members suffered damage as a result of the receipt of the texts.

### VII.     JURY DEMAND

50.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

### VIII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Cara Fernandez, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.     Certifying the Class as defined above, appointing Plaintiff Cara Fernandez as the representative of the Class, and appointing her counsel as Class Counsel;

B.     Awarding of actual and statutory damages;

C.     Requiring Suburban Kia to cease all text message activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D.     Awarding of reasonable attorneys' fees and costs; and

E.     Awarding such other and further relief that the Court deems reasonable and just.

Dated: December 17, 2015                          Respectfully submitted,

                                                  By: *s/ Joseph J. Siprut*

                                                  Joseph J. Siprut
                                                  *jsiprut@siprut.com*
                                                  Ismael T. Salam
                                                  *isalam@siprut.com*
                                                  **S**IPRUT **PC**
                                                  17 North State Street
                                                  Suite 1600
                                                  Chicago, Illinois 60602
                                                  Phone: 312.236.0000
                                                  Fax: 312.241.1260

                                                  *Counsel for Plaintiff*
                                                  *and the Proposed Putative Class*

4835-9808-8492, v.  1

-11-